**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

ST. MARY'S REGIONAL MEDICAL CENTER,
*et al.*,

                Plaintiffs,

                v.

DOROTHY FINK,
Acting Secretary of Health and Human Services,

                Defendant.

Case No. 1:23-cv-1594-RCL

---

### PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR CLARIFICATION AND, IN THE ALTERNATIVE, FOR RECONSIDERATION IN PART

The Plaintiff Hospitals respectfully submit this Opposition to Defendant's Motion for Clarification and, in the Alternative, for Reconsideration in Part (ECF No. 39) ("Reconsideration Motion"). The Hospitals believe the Court's December 20, 2024 Memorandum Opinion (ECF No. 37) was clear and correct, and neither vague nor ambiguous. Nor has the Defendant Secretary of Health and Human Services (the "Secretary") alleged or shown an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. For these reasons the Court should deny the Reconsideration Motion.

### I.      BACKGROUND

The Court issued its final decision in this matter on December 20, 2024. *See* ECF No. 38 ("Order"); ECF No. 37 ("Opinion"). The Court's Opinion and Order granted the Plaintiff Hospitals' Motion for Summary Judgment in part, and denied Defendant's Cross-Motion for Summary Judgment. The case was remanded to the Secretary for further proceedings, and the

1

Court instructed the parties to file status reports with the Court every thirty (30) days of activity upon administrative remand. Opinion at 42; Order at 1.

On January 17, 2025, the Secretary filed her Reconsideration Motion.   The basis for the Secretary's reconsideration request is an assertion that the Court impermissibly ruled on matters of standing not pleaded or briefed by the parties.

For the reasons set forth herein, the Court should deny Defendant's Reconsideration Motion.

## II.    <u>ARGUMENT</u>

### A.    <u>The Court's Ruling Was Correct and Integral to Support Plaintiff's Article III Standing</u>

The government's clarification and reconsideration request is groundless because the Court's ruling on standing was both correct and integral to determining both the Board's and the Court's jurisdiction over the appeal.   Noting the Supreme Court's admonition in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) that "the party invoking federal jurisdiction bears the burden of establishing" Article III standing, the Court thoroughly summarized the Hospitals' claims and properly concluded that "[t]he plaintiffs' theory of injury [and hence standing] . . . satisfies each aspect of Article III's case or controversy requirement." Opinion at 23-24. The Court had an obligation to satisfy itself that Plaintiffs were entitled to be in federal court, and the Secretary's apparent remorse over how she presented the standing argument in her briefing does not warrant a mulligan in this Court.

### B.    <u>The Court's Opinion Was Not Vague or Ambiguous; Nor is There New Evidence or Change in Law</u>

The Secretary notes that under the Federal Rues of Civil Procedure, "[t]he general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or

amend." Reconsideration Motion at 4 (citations omitted). Yet the Secretary points to nothing vague or ambiguous in the Court's clearly written Opinion. *See, e.g.*, *United States v. Philip Morris USA, Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011) ("It is significant that Defendants fail to identify anywhere in their Motion which provisions of Order #1015 are 'ambiguous' or 'vague.' Rather, what Defendants seek is to add new language to Order #1015 containing new declarations of law."). Here also, the Secretary points to no ambiguity or vagueness. If anything, the Secretary's objection in this case is that the Court was too thorough and clear in its analysis.

The Secretary also points to the propriety of a Rule 59(e) Motion for Reconsideration if there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *See* Reconsideration Motion at 4 (citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057-58 (D.C. Cir. 1998)). Unsurprisingly, however, the Secretary presents no argument or examples of any such circumstances justifying reconsideration here. The reason is because no such circumstances exist.

In short, the Secretary's attempt to relitigate the competing Motions for Summary Judgment is without merit. Nothing in the Federal Rules of Civil Procedure or any other law supports, much less compels, the relief requested by the Secretary.

## C.    The Court's Ruling Promotes Judicial Economy

The Court succinctly summarizes the history of the "long-running" litigation of the Transfer/Discharge issue by the Plaintiff Hospitals, first begun in 2005—now in Year 20— including the Secretary's failed attempts to prohibit other hospital challenges to past incorrect "predicate facts" that have reimbursement consequences in still-open cost reporting periods. Opinion at 7-11. The Board has twice dismissed the appeals of combinations of these Plaintiffs under various jurisdictional theories, each time to be reversed, first by the D.C. Circuit in *Saint*

*Francis Med. Ctr. v. Azar*, 894 F.3d 290 (D.C. Cir. 2018), and now by this Court. The Secretary and her Medicare Administrative Contractors have had twenty (20) years to assert and argue theories of standing and jurisdiction, and further delays are not in the interest of justice. Yet after failing to convince two courts, the Secretary now asks this Court to limit its Opinion in consideration of further "potential" but as-yet unknown and unasserted jurisdictional or standing arguments the Board or the Secretary may choose to assert. Reconsideration Motion at 9. The Secretary argues "[w]here, as here, the Board has not yet had the opportunity to pass on the merits, it is improper for the Court to go beyond the Board's conclusion that it lacked jurisdiction." Reconsideration Motion at 6. Yet as the Court confirms, "[t]he PRRB lacks the power to adjudicate direct challenges to existing CMS regulations, such as IPPS rules." Opinion at 10. The Board on remand has no power to address the merits of the Hospitals' challenge to the IPPS regulation; rather it must grant EJR now that jurisdiction has been confirmed.

## III.    CONCLUSION

The Court's challenged rulings were constitutionally correct and integral to its finding of Article III standing. The Secretary's attempt to relitigate the cross Motions for Summary Judgment is unsupported under the Federal Rules, inconsistent with notions of judicial economy, and should be rejected by the Court. No grounds exist for such relief. *See Greenwald v. Becerra*, No. 17-cv-0797, 2023 WL 3647147, at *2 (D.D.C. May 24, 2023) (noting that a clarification motion "cannot open the doors to 're-litigat[ing] a matter that the court has considered and decided'" (citations omitted)). The Court should deny the Reconsideration Motion.

Dated: January 31, 2025

Respectfully submitted,

 /s/ *Stephen A. Calhoun*
Stephen A. Calhoun
(D.D.C. Bar # TX047)
Edgar C. Morrison, Jr.
(D.D.C. Bar # TX0166)
JACKSON WALKER L.L.P.
1900 Broadway, Suite 1200
San Antonio, Texas 78215
Tel: (210) 978-7713
Fax: (210) 242-4613
scalhoun@jw.com
jmorrison@jw.com

*Counsel for Plaintiffs*

43416756v.5